IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| MICHAEL JERGENS | ) | Case No.  18-CV-53-LRR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| LIBERTY LIFE ASSURANCE | ) | |
| COMPANY OF BOSTON, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff MICHAEL JERGENS files his causes of action by his attorneys KAY M.

JOHANSEN and THE LAW OFFICE OF KAY JOHANSEN against Defendant LIBERTY LIFE

ASSURANCE COMPANY OF BOSTON and states as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction of this court is based upon the Employee Retirement Income Security

Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f).  Those provisions

give the district courts jurisdiction to hear civil actions brought to recover benefits due under the

terms of an employee welfare benefit plan which, in this case, consists of a group long-term

disability plan underwritten and/or administered by Liberty Life Assurance Company of Boston

("Liberty Life"), for the benefit of employees of Rockwell Collins, Inc.  In addition, this action

may be brought before this court pursuant to 28 U.S.C. §1331, which gives the district court

jurisdiction over actions that arise under the laws of the United States.

2.    The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative

1

or internal appeal of benefit denials.  Those avenues of appeal have been exhausted.

3.     Venue is proper in the Northern District of Iowa because payment of benefits was to be received by Plaintiff, who resides in Linn County, Iowa, and where the breach occurred. 29 U.S.C. §1132(e)(2), 28 U.S.C. § 1391.

## NATURE OF ACTION

4.     This is a claim seeking income benefit payments to Plaintiff pursuant to a policy of insurance underwritten by Liberty Life, effective January 1, 2015 (Policy No. GD/GF3-840-444375-01) to provide Long Term Disability Insurance Benefits (the "Plan") to employees of Rockwell Collins, Inc. ("Rockwell"), such as Plaintiff under the terms of the plan (a true and correct copy of the plan is attached and by that reference is incorporated herein as Exhibit A). This action, seeking recovery of benefits, is brought pursuant to 29 U.S.C. §1132 (a)(1)(B).

## THE PARTIES

5.     The Plaintiff, MICHAEL JERGENS ("Jergens"), is and was a resident of Marion, Linn County, Iowa at all times relevant to this action.    At all times relevant to this action, Jergens was employed by Rockwell, which is based in Cedar Rapids, Iowa, located within the Northern District of Iowa.

6.     Defendant Liberty Life is an insurance company authorized and engaged in the insurance business in the State of Iowa and in the Northern District of Iowa.

7.     At all times relevant to this action, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).  Incident to Plaintiff's employment with Rockwell, he received coverage under the Plan as a "participant," as defined by 29 U.S.C. §1002(7).  This claim relates to benefits under the foregoing Plan.

## STATEMENT OF FACTS

8. For and in consideration of premiums paid, Liberty Life issues a policy of disability income insurance (GD/GF3-840-444375-01) providing for payment of monthly benefits in the event a Rockwell employee becomes "totally disabled." The Plan uses the following definition to determine disability:

**"Disability"** or **"Disabled",** with respect to Long Term Disability, means:

1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:

   i. That during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

   ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

   Plan at Form ADOP-DEF-3 (Ex.A).

9. Jergens was actively employed as an electrical engineer by Rockwell in the Test Equipment Department until March 5, 2016, when he was forced to stop working due to degenerative disc disease, S1 radiculopathy, and chronic pain syndrome. Jergens underwent treatment, including lumbar spine surgery, multiple epidural steroid injections and pain medication management.

10. Subsequent to ceasing his active employment, Jergens qualified for and received short term disability benefits under the Plan in the net amount of $2,650 per month for the period of March 7, 2016 through September 5, 2016.

3

11.     Subsequent to ceasing employment on July 5, 2016, Jergens submitted a claim for long term disability benefits.

12.  On September 29, 2016, Jergens was denied long term disability benefits.

13.   On March 27, 2017, Jergens appealed that decision to Liberty Life, citing and submitting additional evidence and argument from examining and treating physicians, including a pain management specialist.  In addition, Jergens submitted his own statement detailing his condition and limitations along with statements of his two daughters and a former co-worker. Additional statements by Jergens' son and daughter were submitted on March 27, 2017, and April 19, 2017, respectively.

14.   MetLife submitted the claim file to two consultant physician reviewers on September 2, 2016 and on May 1, 2017.  The second reviewer (report dated May 1, 2017) spoke to Jergens' treating physician by phone and subsequently sent a letter to him for review. Jergens' physician provided comments and rebuttal to the consultant reviewer, which were submitted to Liberty Life on April 29, 2017.  Jergens' treating physician provided comments and rebuttal to the first consultant physician by statement submitted with the appeal filed on March 27, 2017.

15.   On May 3, 2017, Liberty Life, by letter, refused to alter its decision to deny the payment of benefits despite the submission of substantial evidence to support Jergens' appeal, and in the absence of any examination results or findings.  All avenues of administrative appeal have now been exhausted.

16.   Since the onset of disability, Jergens has continuously met the definition of disability as defined by the Plan.  Further, Jergens has been under the regular and continuous

4

care of his treating physician, who has certified his disability and who reported to Liberty Life that he meets the plan's definition of disability.

17. The determination by Liberty Life that Jergens is not disabled is unreasonable and contrary to the terms of the plan, contrary to the evidence, and contrary to the reports and assessments of the treating physician.

18. A conflict of interest is present in this case because Liberty Life possesses the authority to make benefit decisions and pay benefits.

19. As a direct and proximate result of the foregoing, based on the evidence submitted to Liberty Life establishing Jergens has met the plan's disability definitions, and that he continues to meet the disability definitions, Jergens is entitled to all benefits due since September 2016, and such benefits must be continued until he recovers from disability, dies or reaches the age of 65, whichever comes first.

WHEREFORE, Jergens respectfully requests the following relief:

A. That the court enter judgment in Jergens' favor and against Liberty Life and that the court order Liberty Life to pay disability income benefits to Jergens in an amount equal to the contractual amount of benefits to which he is entitled;

B. That the court order Liberty Life to pay Jergens prejudgment interest;

C. That the court order Liberty Life to continue paying Jergens so long as he meets the policy terms and conditions for receipt of benefits;

D. That the court award Jergens' attorney's fees pursuant to 29 U.S.C §1132 (g), and

E. That Jergens recover any and all other relief which he may be entitled, as well as the costs of suit

5

/s/ Kay M. Johansen_____
Kay Johansen
The Law Firm Of Kay Johansen
504 First Avenue S.E.
Mount Vernon, Iowa 52314
Telephone:(319)895-6540
Fax: (319)895-6560
E-Mail: kay.johansen@kjohansenlaw.com
ATTORNEYS FOR PLAINTIFF
