IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| MICHAEL JERGENS<br><br>Plaintiff,<br><br>vs.<br><br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18-CV-53-LRR<br><br><br><br><br>PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SCHEDULING REPORT |

Plaintiff Michael Jergens files his motion to extend the deadline for filing a Rule 16 Scheduling Order and Discovery Plan in this matter and states to the court:

1. The deadline for submission of the proposed scheduling order and discovery plan in this matter was August 2, 2018 pursuant to L.R 16(d)(1) and L.R.(h).

2. Plaintiff's lawsuit was served by personal service on July 30, 2018, with an answer. deadline of August 17, 2018. The Return of Service was filed with the court on August 12, 2018.

3. No answer has been filed and no appearance has been entered.

4. Plaintiff askes the court to extend the deadline for filing of the proposed scheduling order and discovery plan pending the filing of the answer pursuant to F.R.C.P 6(b)(1)(B), excusable neglect. In determining whether excusable neglect exists, consideration of "all relevant circumstances surrounding the party's omission." *Fink v. Union Central Life Ins. Co.*, 65 F.3d 722, 724 (8th Cir. 1995). These circumstances include: "(1) the danger of prejudice to

the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the control of the movant; and (4) whether the movant acted in good faith." *Treasurer, Trustees of Drury Industries, Inc. health Care Plan and Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012). The excuse for the late filing is the most important. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

Regarding the most significant factor, Plaintiff's counsel has been unexpectedly absent from the office due to a personal family matter. *See Lemoge v. U.S.*, 587 F.3d 1188 (9th Cir. 2009) (illness). Regarding the other circumstances enumerated above, the danger of prejudice to the non-moving party is not present since Defendant has not yet entered an appearance or filed its answer or pre-answer motion. Second, the length of delay is ten days, much less than in other cases in this judicial district where the excusable neglect standard was not satisfied. *See Yonnie v. City of Hartley, Iowa*2016 WL 2864442 (N.D. Iowa, 5/13/2016) (over 1 year after deadline to amend complaint); *see also Precision of New Hampton, Inc. v. Transtar Industries, Inc.*,2015 WL 12911989 (N.D. Iowa, 11/30/2015) (supplemental resistance to party;s summary judgment motion filed 19 days after deadline for submission and 7 days after court ruled on motion). A very limited impact on judicial proceedings is present because Defendant has not yet filed its answer. Last, plaintiff's counsel acted in good faith to remedy the neglect upon her return and file her motion for extension of time, including researching the standard, and drafting and filing her motion on the weekend and within ten days after the deadline. Because Defendant has not entered an appearance, Plaintiff's counsel was unable to contact Defendant's counsel to discuss the motion. For these reasons, Plaintiff's counsel asks that the deadline be extended for filing the proposed scheduling order and discovery plan pending Defendant's filing of its answer.

5. Plaintiff's counsel has not conferred with opposing counsel because none has entered an appearance.

WHEREFORE, Plaintiff asks that the deadline for filing the Rule 16 Scheduling Order and Discovery Plan be extended from August 2, 2018, to an appropriate deadline after Defendant files an answer.

/s/ Kay M. Johansen_______________

Kay Johansen
The Law Firm Of Kay Johansen
504 First Avenue S.E.
Mount Vernon, Iowa 52314
Telephone:(319)895-6540
Fax: (319)895-6560
E-Mail: kay.johansen@kjohansenlaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2018, I mailed by U.S. Postal Service with sufficient postage attached this document to Jacob May, Liberty Life Assurance Company of America, 175 Berkeley Street; Boston, MA 02116.

/s/ Kay M. Johansen_________________