MICHAEL JERGENS,

              Plaintiff(s),

vs.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,

              Defendant.

No. 1:18-cv-00053-LRR

**DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT**

_____

Defendant Liberty Life Assurance Company of Boson ("Liberty Life") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Michael Jergens ("Plaintiff") and states as follows:

## JURISDICTION AND VENUE

1. Liberty Life admits Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Liberty Life admits this Court has jurisdiction over this action. Liberty Life admits Plaintiff was, at certain times, employed by Rockwell Collins, Inc. ("Rockwell") and was, at certain times, a participant in Rockwell Collins, Inc. Long Term Disability Plan ("the LTD Plan"). Liberty Life admits it issued Group Disability Income Policy No. GD/GF3-840-444375-01 (the "Policy") to Rockwell, which Policy, at certain times, insured benefits paid by the LTD Plan. Liberty Life denies it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and

administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.     Liberty Life admits that venue of this action is proper in this Court. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

## NATURE OF ACTION

4.     Liberty Life admits it issued the Policy to Rockwell, which Policy, at certain times, insured benefits paid by the LTD Plan. Liberty Life admits Plaintiff was, at certain times, employed by Rockwell and was, at certain times, a participant in the LTD Plan. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under ERISA, but denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5.     Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Liberty Life admits Plaintiff was, at certain times, employed by Rockwell. Liberty Life admits that venue of this action is proper in this Court. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

2

6.	Liberty Life admits it is a Massachusetts Corporation with its principal place of business in Radnor, Pennsylvania and that it is licensed to do business in Iowa. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.	Liberty Life admits that the benefit plan at issue in this action is an "employee welfare benefits plan" as defined by ERISA. Liberty Life admits Plaintiff was, at certain times, employed by Rockwell and was, at certain times, a participant in the LTD Plan. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, but denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

## STATEMNT OF FACTS

8.	Liberty Life admits it issued the Policy to Rockwell, which Policy, at certain times, insured benefits paid by the LTD Plan. Liberty Life admits that Rockwell sponsored the LTD Plan to provide certain benefits to participating, eligible employees of Rockwell. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.	Liberty Life admits Plaintiff was, at certain times, employed by Rockwell as an Electrical Engineer, but Liberty Life is without sufficient information regarding the specific department of Rockwell in which Plaintiff worked. Liberty Life Plaintiff's last day of work at Rockwell was March 4, 2016. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Liberty Life refers to the administrative record itself as the best evidence of its

**3**

contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits Plaintiff may have received, at certain times, benefits from the short term disability plan (the "STD" Plan) sponsored by Rockwell. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits Plaintiff submitted a claim for benefits from the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits that it sent a letter dated September 29, 2016, to Plaintiff, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits it received a letter and additional documentation from Plaintiff's counsel dated March 27, 2017, appealing the denial of benefits from the LTD Plan, which are contained in the administrative record, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits that it sent a letter dated May 3, 2017, to Plaintiff's counsel, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life denies all allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits it issued the Policy to Rockwell, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits it issued the Policy to Rockwell, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Liberty Life denies it is the proper defendant in this action and is not liable in the capacity in which it has been sued in this action.

**5**

3.      standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.      Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.      Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6.      Liberty Life reserves the right to assert additional defenses.

## PRAYER

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated:  August 20, 2018                    LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By:      /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
(Admitted *Pro Hac Vice*)
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

**6**

AND

**LEDERER WESTON CRAIG PLC**

By:     /s/ Brenda K. Wallrichs
        Brenda K. Wallrichs  AT0008203
        118 Third Avenue SE, Suite 700
        P. O. Box 1927
        Cedar Rapids, IA  52406-1927
        Phone:  (319) 365-1184
        Fax:   (319) 365-1186
        E-mail:  bwallrichs@lwclawyers.com

        ATTORNEYS FOR DEFENDANT


**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2018, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Northern District of Iowa, Cedar Rapids Division, using the ECF system which will send notification of such filing to the following counsel of record:

**Counsel for Plaintiff:**
Kay Johansen
Email:  kay.johansen@kjohansenlaw.com


                                /s/ Iwana Rademaekers
                                Iwana Rademaekers

**7**